Smith, J.
— “ It has already been decided by this Court, in the case of Townsend v. Doe, 8 Blaekf. 328, that it is error to give instructions to the jury with verbal explanations and illustrations, the opposite *216 party having objected, and required the instructions to be in writii The statutory provision on this subject is as follows: ‘ Whenever on the trial of any cause, either party shall object to the court or 8 judge thereof, giving any charge or instruction to the jury, or z modification or explanation of any charge or instruction, unless the same be in writing, such court or judge shall reduce the matter objected to, to writing, before giving the same to the jury.’ R. S, eh. 40, § 326, A recapitulation, substantially, of the statements of the witnesses, omitting some of those statements, and giving for the others the import drawn from them by the Court, and not the precise words in which they were detailed, might be so made as very effectively to convey to the jury, the opinion of the Court as to the legal effect of the testimony adduced. We think, therefore, such a recapitulation is within the meaning* of the statute above quoted, which is intended to secure to the parties the right, and the means, to have placed upon the record with certainty and precision, everything which the Court may- say to the jury, with the view of giving them information upon the points of law involved in the case upon trial. Nor do we think the defendant’s right of objecting to such a recapitulation was obviated by the further instructions to the jury, that they* were not to regard the statements of the Court as to u hat the witnesses had said, unless they so understood the evidence. If the Court, after objections made, had verbally instructed the jury upon a point of law, and then told the jury not to regard the in.-tmction unless they also -understood the law to be as stated by the Court, it would have appeared very much like an evasion of the prohibition by* the statute to give verbal instructions in such a case. It is probable there was no intention so to evade the provisions of the statute in the present instance, but the Court in making the rceapi-tulation must have intended that it should have had some effect upon the minds of the jury*, notwithstanding the qualification with which they were told to regard it, and considering the respect and deference, with which juries are naturally and properly accustomed to regard any intimations given by the Court of its opinions upon questions arising during a trial, we think such a recapitulation was calculated to have an effect, and to influence materially the decision of the jury. Intimations of the understanding of the Court as to the statements of the witnesses, may be quite as important as any other, especially where, as in the present, case, the jury- are explicit *217 ly told what facts arc necessary to sustain a prosecution, and the main question is, whether such facts were proved or not.”
Judgment reversed, &c.